**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BINGHUI ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-73450

Agency No. A205-769-763

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021[**]
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Binghui Zhang, a native and citizen of China, petitions for review from an

order of the Board of Immigration Appeals (BIA) upholding the denial of his

asylum claim.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Zhang has waived his claims for withholding of removal and relief under the Convention Against Torture.

petition.

Substantial evidence supports the adverse credibility determination, which renders Zhang ineligible for asylum because the remaining evidence in the record is insufficient to support Zhang's claim. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Zhang alleges that his house was seized and demolished by Chinese officials in May 2010, forcing him to move with his family to his mother-in-law's house. He testified that he organized a protest of the government's failure to compensate him and similarly situated landowners for the seizure of their respective properties, and that he was detained and beaten by the police as a result.

1. The Immigration Judge (IJ) and the BIA (collectively, the agency) highlighted a conflict between Zhang's testimony and the documentary evidence in the record. According to the Chinese household register, Zhang continued to reside at the allegedly demolished property as of January 2011—months after the purported seizure. The record also contains notarial certificates, dated in 2012, stating that Zhang still resided at the allegedly demolished property. The documentary evidence therefore conflicts with Zhang's testimony about when he moved from the allegedly seized property. Because this inconsistency lies "at the heart of the claim" for asylum, the agency may assign it "great weight" when assessing credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

The agency properly rejected Zhang's explanations for this inconsistency.

*See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Even assuming that Zhang is correct that he would have needed to take affirmative steps to update his address in the household register,[2] the agency reasonably concluded that he had not provided a sufficient explanation for why he did not take those steps after the government seized and demolished his property. Zhang first stated that he did not update the address because he "never thought about" it. On further questioning, he stated that "everyone was feeling very uncomfortable, because such a big incident happened." The agency reasonably rejected these explanations as implausible.

Nor did the agency err in concluding that other documentary evidence offered by Zhang—including a certificate of compensation for a taking of land and pictures of land—were insufficient to bolster his credibility under the totality of the circumstances. As the BIA explained, neither the certificate nor the pictures contained identifying information about the land in question. We therefore "cannot say that 'any reasonable adjudicator would be compelled to conclude' that [Zhang] is credible" based on these documents. *Id.* at 1091 (quoting 8 U.S.C. § 1252(b)(4)(B)).

2. Because the inconsistency about whether he continued to reside at the allegedly destroyed property goes to the heart of Zhang's claim and is sufficient to

---

[2] The record does not contain evidence describing the procedure for updating a household registration in the relevant province or village.

3

support the adverse credibility determination, we need not address whether other possible inconsistencies would support an adverse credibility determination.

3. Zhang also asserts that the IJ improperly faulted him for failing to produce evidence of a protest permit and evidence corroborating his injuries. When an IJ determines that an asylum applicant is "otherwise credible" but nonetheless requires additional corroborating evidence from the applicant, the IJ must provide notice and opportunity to produce the evidence or explain why such evidence is unavailable. *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011). We do not address Zhang's argument relying on *Ren* because the adverse credibility decision is supported by substantial evidence without reference to the lack of corroboration. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) ("First, we separate out the non-corroboration grounds for the adverse credibility determination and evaluate whether the IJ and BIA's determination is supported by substantial evidence. If it is, we defer to the IJ and BIA's adverse credibility determination."). Because the non-corroboration grounds for the adverse credibility determination constitute substantial evidence, we need not decide whether the IJ provided Zhang adequate notice of the need to produce a protest permit or documentation of Zhang's injuries as corroboration. *Id.*

**PETITION DENIED.**